NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE KROLL and DIANA KROLL, | |
| Plaintiffs, | Civil Case No. 14-2496 (FSH) |
| v. | **OPINION & ORDER** |
| SECRETARY JEH JOHNSON OF THE DEPARTMENT OF HOMELAND SECURITY, | Date: September 15, 2014 |
| Defendant. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant Jeh Johnson of the Department of Homeland Security's ("DHS") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(c) due to the alleged expiration of the statute of limitations governing Plaintiff's cause of action (Dkt. No. 6). The Court has reviewed the submissions of the parties and considers the motion pursuant to Federal Rule of Civil Procedure 78.

**I.   BACKGROUND**

Plaintiffs Lawrence and Diana Kroll bring this action seeking a declaration that they are entitled to coverage and compensatory damages, among other relief, arising out of Defendant's handling of a flood claim stemming from Hurricane Sandy in 2012. (Compl. ¶ 2.)

Plaintiffs allege that they purchased a "Standard Flood Insurance Policy" that was effective August 20, 2012, to August 20, 2013, and that was issued by the National Flood Insurance Program. (Compl. ¶ 13.) On October 29, 2012, Plaintiffs suffered property losses due to flooding caused by Hurricane Sandy. (Compl. ¶¶ 15–16.) Plaintiffs allege that they promptly

reported the damage, subsequently submitted a sworn "proof of loss" statement, and that Defendant denied full coverage. (Compl. ¶¶ 18–26.)

On August 7, 2014, the DHS filed a motion to dismiss alleging that a one-year statute of limitations bars Plaintiffs' claims. In support of this motion, the DHS submitted a declaration by Russell M. Tinsley, an insurance program specialist/insurance examiner for the National Flood Insurance Program. (Dkt. No. 6-2.) According to Tinsley, the Federal Emergency Management Agency ("FEMA") sent to Plaintiffs' property an independent adjuster, and following the adjuster's inspection, Plaintiffs were told that their property was a seasonal residence because they did not live there at least 80% of the year. (Dkt. No. 6-2 ¶¶ 5–6.) As a result, Plaintiffs were eligible for the actual cash value, rather than the higher replacement cost value of the repairs to their property. (*Id.*) Plaintiffs disputed this conclusion via a letter, and in response, FEMA issued a denial letter on January 14, 2013. (Dkt. No. 6-2 ¶ 7.) Both parties include copies of this letter in their motion briefing. (Dkt. Nos. 6-2 Ex. B, 7-1 Ex. A.) In opposition to Defendant's motion, Plaintiffs also include an April 19, 2013 letter from FEMA to Plaintiffs, acknowledging receipt of Plaintiff's proof of loss and partially denying Plaintiffs' asserted losses. (Dkt. No. 7-1 Ex. B.)

Plaintiffs filed this suit on April 19, 2014. (Dkt. No. 1.)

## II.   STANDARD OF REVIEW

### a.  Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), challenges the existence of a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of persuasion. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

A motion to dismiss for lack of subject matter jurisdiction may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *D.G. v. Somerset Hills School Dist.*, 559 F. Supp. 2d 484, 491 (D.N.J. 2008). On a facial attack, "the court must consider the allegations of the complaint as true." *Mortensen*, 549 F.2d at 891. "A defendant can also attack subject matter jurisdiction by factually challenging the jurisdictional allegations set forth in the complaint." *D.G.*, 559 F. Supp. 2d at 491.

In a factual attack, by contrast, the Court need not presume the truth of the allegations and "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. Moreover, when considering a factual challenge to the Court's jurisdiction under Rule 12(b)(1), the Court is "not confined to the allegations in the complaint . . . and can look beyond the pleadings to decide factual matters relating to jurisdiction." *Cestonaro v. U.S.*, 211 F.3d 749, 752 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d at 891). Defendant brings a factual attack against Plaintiffs' complaint.

### b.  Federal Rule of Civil Procedure 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough

facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." (internal quotations omitted)).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a 'document *integral to or explicitly* relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations omitted) (emphasis in original). On a motion to dismiss, the Court may also take judicial notice of the record from a previous court proceeding involving the parties. *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008). Defendant's and Plaintiffs' briefing papers both cite to claim denial letters mailed from FEMA to the Plaintiffs. Because these letters are integral to Plaintiffs' claim, the Court may properly consider them under a 12(b)(6) motion.

## III. DISCUSSION

Defendant moves to dismiss Plaintiffs' complaint based on the alleged expiration of a one-year statute of limitations period.

The parties disagree over when the statute of limitations began to run in the present case. The governing statute for Plaintiffs' claims under the National Flood Insurance Program is 42 U.S.C. § 4072, which provides:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any *claims for proved and approved losses* covered by flood insurance, and upon the disallowance by the Administrator of any *such claim*, or upon the refusal of the claimant to accept the amount allowed upon any *such claim*, the claimant, *within one year after the date of mailing of notice of disallowance or partial disallowance* by the Administrator, may institute an action against the Administrator on *such claim* in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in the controversy. (emphasis added).

Defendant contends that the statute of limitations began to run on January 14, 2013—approximately fifteen months before Plaintiffs filed suit—when FEMA first mailed a letter to Plaintiffs denying part of their claim for reimbursement. Such mailing constituted a "notice of disallowance or partial disallowance" per the statute. In support, Defendant cites case law that "[a] waiver of immunity . . . is construed strictly in favor of the sovereign," *Clinton County Comm'rs v. EPA*, 116 F.3d 1018, 1021 (3d Cir. 1997) (quotations omitted), and cases wherein courts have dismissed NFIP claims based on the earliest mailing of a disallowance to the insured. *See, e.g.*, *Steelcraft, Inc. v. Bankers & Shippers Ins. Co.*, 979 F. Supp. 60, 62 (D. Mass. 1997).

Plaintiff argues that the statute of limitations did not begin to run until April 19, 2013—precisely a year before Plaintiffs filed suit—when FEMA mailed a partial denial letter based on Plaintiffs' proof of loss. Plaintiff contends that the statute ties the limitations period to a mailing

on "such claims" and that "such claims" refers back to the statute's authorization of the FEMA Administrator to make payments on "claims for proved and approved losses." In order to receive payment on claims, policyholders under the NFIP are required to submit a proof of loss. 44 C.F.R. 1 Pt. 61, App. A(2) VII(J)(4). Claims are not for "proved . . . losses" until they are supported by the required proof of loss. Thus, only a notice of disallowance for a claim supported by proof of loss triggers the statute of limitations. In support, Plaintiffs cite a string of cases adopting this reading of the statute. *See, e.g.*, *Qader v. FEMA*, 543 F. Supp. 2d 558 (E.D. La. 2008); *accord Altman v. Napolitano*, Nos. 10-487, -3004, 2013 WL 788452 (S.D. Tex. Mar. 1, 2013); *Willis v. State Farm Fire & Casualty Co.*, 2008 WL 793514 (E.D. 2008).

This Court finds the Plaintiffs' arguments and the reasoning in *Qader* most persuasive. Although the proof of loss must ordinarily be filed within 60 days of a loss event, 44 C.F.R. 1 Pt. 61, App. A(2) VII(J)(4), FEMA extended the deadline following Hurricane Sandy to two years, making initial determinations on claims based on adjustors' reports. *See* FEMA Bulletins W-12092a, W-13060a, W-14017. Under the Plaintiffs' interpretation, the proof-of-loss extension creates a two-step appeals process available to policyholders whose initial claim is denied based solely on an adjustor's report: first, by filing a proof of loss; second, by filing federal suit.[1] As the *Qader* Court noted, the Defendant's reading of § 4072 would render the proof-of-loss extension meaningless. *Qader*, 543 F. Supp. at 562. Moreover, Defendant does not cite any case law that holds otherwise on similar facts—*i.e.*, where an insured has both submitted a proof of loss to the insurer within the proof-of-loss deadline and filed suit more than a year after the mailing of an initial notice of disallowance that was not based on a proof of loss.[2]

---

[1] This reading of the statute does not conflict with the requirement of submitting a proof of loss as a condition precedent to filing suit.

[2] Defendants cite *Qader v. FEMA*, No. 07-5462, 2008 WL 544225 (E.D. La. Feb. 26, 2008), as such a case; however, as Plaintiffs note, this opinion was subsequently vacated in order to

### IV. CONCLUSION & ORDER

For the reasons stated above,

**IT IS** on this 15th day of September, 2014,

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 6) is **DENIED**.

**IT IS SO ORDERED.**

   **/s/ Hon. Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.

---

consolidate the case with *Qader v. FEMA*, 543 F. Supp. 2d 558 (E.D. La. 2008), which explicitly ruled the opposite. *See Qader v. FEMA*, No. 07-5462 (E.D. La. May 22, 2008) (order vacating dismissal and consolidating cases).